**ORIGINAL**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

RECEIVED
MAR ?? 2010
PRO SE OFFICE

| United States District Court | District *EASTERN* |
|---|---|

Name (under which you were convicted): *COMFORT PINCKNEY*

Docket or Case No.: *1497/2000*

Place of Confinement: *GREEN HAVEN CORR. FAC.*

Prisoner No.: *GB-1262*

**CV10- 1312**

Petitioner (include the name under which you were convicted) *COMFORT PINCKNEY*

v. Respondent (authorized person having custody of petitioner) *WILLIAM A. LEE*

**MATSUMOTO, J.**

The Attorney General of the State of *NEW YORK*

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   *SUPREME COURT QUEENS COUNTY, 125-01 QUEENS BLVD, KEW GARDENS, N.Y. 11415*

   (b) Criminal docket or case number (if you know): _____ *1497/2000*

2. (a) Date of the judgment of conviction (if you know): *FEBRUARY 10, 2003*

   (b) Date of sentencing: *July 29, 2003*

3. Length of sentence: *25 YEARS TO LIFE*

4. In this case, were you convicted on more than one count or of more than one crime?     Yes ☑     No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: *MURDER IN THE SECOND DEGREE, CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE, CRIMINAL POSSESSION OF A WEAPON IN THE THRID DEGREE*

6. (a) What was your plea? (Check one)
   - (1) Not guilty ☑
   - (2) Guilty ☐
   - (3) Nolo contendere (no contest) ☐
   - (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____
_____
_____
_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑        Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: *APPELLATE DIVISION SECOND DEPARTMENT*

(b) Docket or case number (if you know): *1497 / 2000*

(c) Result: *CONVICTION AFFIRMED*

(d) Date of result (if you know): *MARCH 14, 2006*

(e) Citation to the case (if you know): *27 A.D. 3d 581*

(f) Grounds raised: _____

_____

*SEE ATTACHED*

_____

(g) Did you seek further review by a higher state court?   Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: *COURT OF APPEALS*

(2) Docket or case number (if you know): *1497 / 2000*

(3) Result: *LEAVE TO APPEAL DENIED*

(4) Date of result (if you know): *MAY 9, 2006*

(5) Citation to the case (if you know): *6 N.Y. 3d 897*

(6) Grounds raised: _____

_____

*SEE ATTACHED*

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

## TABLE OF CONTENTS

STATEMENT PURSUANT TO RULE 5531 . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 2

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . 2

    Introduction . . . . . . . . . . . . . . . . . . . . . . 2

    The Trial . . . . . . . . . . . . . . . . . . . . . . . 4

        The People's Case . . . . . . . . . . . . . . . . . 4

        The Shooting . . . . . . . . . . . . . . . . . . . 4

        The Investigation . . . . . . . . . . . . . . . . . 7

        Eyewintess Trial Testimony . . . . . . . . . . . . 8

        Carmain Desir . . . . . . . . . . . . . . . . . . 8

        Prague Alexander . . . . . . . . . . . . . . . . 11

        The Defense Case . . . . . . . . . . . . . . . . 13

    Summations . . . . . . . . . . . . . . . . . . . . . . 14

    Jury Charge and Deliberations . . . . . . . . . . . . 17

    Verdict and Sentencing . . . . . . . . . . . . . . . . 18

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 18

    APPELLANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR,
    *INTER ALIA*, INFORMED THE JURY THROUGH DRAMATIC BUT
    IRRELEVANT COMMENTS ABOUT THE NATURE OF THE VICTIM'S
    INJURIES AND HIS MOTHER'S AGONIZING DECISION TO REMOVE
    HIM FROM LIFE SUPPORT, IMPROPERLY SHIFTED THE BURDEN OF
    PROOF TO THE DEFENSE, SUGGESTED THAT THE DEFENSE KNEW
    APPELLANT WAS GUILTY AND ENGAGED IN SPECIFIC STRATEGIES
    IN ORDER TO OBSCURE THIS, AND VOUCHED FOR HIS WITNESSES
    . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 29

# TABLE OF CONTENTS

Statement pursuant to C.P.L.R. 5531 ................................................................... i

Preliminary Statement ........................................................................................ ii

Questions presented ............................................................................................ iii

Statement of Facts ............................................................................................ 1

    Suppression Hearing ...................................................................................... 1

        Wade Hearing of December 17, 2001 ........................................... 2

        Wade Hearing of May 22, 2002 ................................................... 4

        Hearing Court's Decision ............................................................. 5

    Eyewitness Trial Testimony ............................................................................ 5

        Carmain (Patrick) Desir ............................................................... 5

        Prague Alexander ......................................................................... 6

    Trial Testimony ............................................................................................ 6

        Detective Frank Libertto ............................................................... 6

    Defense Case ................................................................................................ 7

        Stephen Somerstein ...................................................................... 7

Argument

POINT ONE ....................................................................................................... 8

THE HEARING COURT ABUSED ITS DISCRETION IN CURTAILING DEFENSE CROSS EXAMINATION; THE HEARING COURT FURTHER PREJUDICED THE APPELLANT BY ALLOWING THE PROSECUTOR TO SUBMIT THE NASSAU COUNTY PHOTO ARRAY INTO EVIDENCE WITHOUT FIRST ESTABLISHING ITS AUTHENTICITY; THE TRIAL TESTIMONY DISCREDITED THE WADE HEARING TESTIMONY.

POINT TWO ....................................................................................................... 13

THE DISPARITIES DEPICTED IN THE LINE UP   TAINTED THE IDENTIFICATION PROCEDURE.

<u>POINT THREE</u> ..................................................................................................................... 15

THE PROSECUTOR'S FAILURE TO PRESERVE THE PHOTOGRAPHIC EVIDENCE FOR
APPELLATE REVIEW REQUIRE REVERSAL OF THE JUDGMENT OF CONVICTION.

<u>POINT FOUR</u> ..................................................................................................................... 17

THE TRIAL COURT'S SUMMARY DENIAL OF DEFENSE COUNSEL MOTION TO
PRECLUDE AN ALLEGED CONFIRMATORY IDENTIFICATION WAS ERRONEOUS AS A
MATTER OF LAW.

CONCLUSION ..................................................................................................................... 22

# A𝖸PELLATE AD𝖵OCATES

2 RECTOR STREET - 10TH FLOOR, NEW YORK, NEW YORK 10006
PHONE: (212) 693-0085    FAX: (212) 693-0878

ATTORNEY-IN-CHARGE
LYNN W. L. FAHEY

ASSISTANT ATTORNEY-IN-CHARGE
BARRY S. STENDIG

SUPERVISING ATTORNEYS
WINSTON MCINTOSH
DAVID P. GREENBERG
ERICA HORWITZ
PAUL SKIP LAISURE

ALEXIS A. ASCHER
SARAH J. BERGER
STEVEN R. BERNHARD
DENISE A. CORSI
M. CHRISTOPHER FABRICANT
JONATHAN GARVIN
JOHN GEMMILL
BERTRAND J. KAHN
WILLIAM G. KASTIN
JONATHAN M. KRATTER
WARREN S. LANDAU
BARBARA LERNER
JOSHUA M. LEVINE
LISA NAPOLI
TONYA PLANK
DENICE POWELL
KATHERINE R. SCHAEFER

OF COUNSEL
MELISSA S. HORLICK
REYNA E. MARDER
MICHELLE MOGAL

March 17, 2006

Hon. Judith S. Kaye
Chief Judge, Court of Appeals
Court of Appeals Hall
Eagle Street
Albany, New York 12207

Re: <u>People</u> v. <u>Comfort Pinckney</u>

Your Honor:

  Pursuant to Criminal Procedure Law Section 460.20, I am submitting this letter as an application for permission to appeal to the Court of Appeals in the above case. No application has been made to a justice of the Appellate Division.

  On March 14, 2006, the Appellate Division, Second Department, affirmed a judgment rendered on July 29, 2003, by the Supreme Court, Queens County, convicting the defendant of second-degree murder and second- and third-degree criminal possession of a weapon, and sentencing him to concurrent prison terms of 25 years to life, five years, and three years, respectively.

  I am enclosing copies of the briefs filed in the Appellate Division, including appellant's own *pro se* supplemental brief, and that Court's decision, as well as the pages of the transcript where appellant's issues have been preserved. Appellant argued in his principal brief that he was denied his due process rights when the prosecutor committed misconduct during summations, see <u>Darden</u> v. <u>Wainwright</u>, 477 U.S. 168 (1986), which the Appellate Division found was partially unpreserved and, in any event, without merit. To the extent that the claim is unpreserved, appellant argues to this Court that counsel was ineffective for failing to preserve his claim. See <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687-96 (1984); <u>People</u> v. <u>Baldi</u>, 54 N.Y.2d 137, 147 (1981). In his supplemental brief, appellant argued the following: (1) the hearing improperly curtailed defense counsel's cross-examination of a police witness, erroneously admitted the photo array into evidence and relied on

evidence that was subsequently discredited at trial, see Davis v. Alaska, 415 U.S. 308 (1974); Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985); (2) the lineup was unduly suggestive, see Manson v. Brathwaite, 432 U.S. 98 (1977); (3) the People failed to preserve photographs of the lineup, see Buie v. Sullivan, 923 F.2d 10, 12 (2d Cir. 1990)(bad faith failure to preserve evidence violates due process); and (4) the trial court erred when it denied the defense motion to preclude admission of a confirmatory identification for which no notice was served, see Collins, supra (erroneously admitted evidence so tainted the proceedings that they were rendered fundamentally unfair).

If I can provide any further information or be of any further assistance, I would be happy to do so.

Respectfully yours,

Lisa Napoli
212/693-0085 Ext. 218

cc: Hon. Richard Brown
    District Attorney, Queens County

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _SUPREME COURT QUEENS COUNTY_

(2) Docket or case number (if you know): _1497/2000_

(3) Date of filing (if you know): _MAY 29, 2007_

(4) Nature of the proceeding: _MOTION TO VACATE Judgment_

(5) Grounds raised: _INEFFECTIVE ASSISTANCE OF TRIAL Counsel_

_(SEE ATTACHED)_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☑

(7) Result: _MOTION DENIED_

(8) Date of result (if you know): _JUNE 10, 2008 / REARGUMENT MARCH 24, 2009_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _APPELLATE DIVISION SECOND DEPARTMENT_

(2) Docket or case number (if you know): _1497/2000_

(3) Date of filing (if you know): _JUNE 16, 2009_

(4) Nature of the proceeding: _WRIT OF ERROR CORAM NOBIS_

(5) Grounds raised: _INEFFECTIVE ASSISTANCE OF APPELLATE Counsel_

_(SEE ATTACHED)_

4. Leave to appeal to the Court of Appeals was denied on May 9, 2006. People v. Pinckney, 6

N.Y.3d 897 (2006).

## The Instant Motion to Vacate Judgment

5. On or about May 29, 2007, the defendant filed, *pro se* a motion to vacate judgment pursuant to

Criminal Procedure Law section 440.10 (1)(f)(h). His enumerated claims are as follows:

> A.  Trial counsel was ineffective owing to a failure to conduct a pre-trial investigation, failed to interview and present alibi witnesses, failed to explore a valid line of defense, and failed to mount a challenge to the claim of probable cause for his arrest
>
> B.  Defendant's right to counsel was violated when he was arrested and interrogated, and when a photo array containing his photograph was shown to witnesses outside of his attorney's presence at a time when his attorney was representing him
>
> C.  Newly discovered evidence established that police testimony was fabricated as to where the police obtained his photograph that was in the photo array, and that the District Attorney's Office should have been aware of the fabrication.
>
> D.  Trial counsel was also ineffective for failing to request DNA testing of a cap found at the crime scene, because such testing would have revealed exculpatory evidence.

6. On June 10, 2008 the motion court (McGann, J.) denied the motion to vacate judgment.[2]

7. That decision was sent to present counsel via United States mail on July 25, 2008.

8. On July 2, 2008, the defendant, through present counsel, filed a motion to reargue the decision

denying the motion to vacate judgment.

9. On August 28, 2008, the District Attorney filed its response, and on or about September 9,

2008, the defendant's reply was filed with the Court.

10. On March 24, 2009, the motion court (McGann, J.) denied the application for reargument

and mailed a copy of that decision to present counsel on March 27, 2009. Notice of Entry was

---

[2]Present counsel was retained by the defendant's mother after the *pro se* filing of the motion to vacate judgment and the District Attorney's response.

## 11.(B)(5) <u>GROUNDS RAISED</u>

Counsel failed to raise on direct appeal ineffective assist-
ance of trial counsel based on trial counsel's failure to
(1) object to the trial courts ruling permitting prosecution
witness Prague Alexander to make a surprised in-court identifi-
cation of appellant based on a purported C.P.L 710.30 confirma-
tory identification notice, which confirmatory identification
Alexander denied making on cross examination, and (2) to
challenge the legal sufficiency of the evidence of appellant's
indictment in light of desir's trial testimony that he lied
to the grand jury when he testified to actually seeing appellant
shoot Hammonds when, in fact, he only heard shots after fleeing
the area.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐  No ☑

(7) Result: _____ DENIED _____

(8) Date of result (if you know): _ NOVEMBER  24,  2009 _

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑ No ☐

(2) Second petition:   Yes ☑ No ☐

(3) Third petition:    Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

> CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

*( SEE ATTACHED SUBDIVISION A AND C )*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: *NOT ON APPEAL RECORD*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *MOTION TO VACATE JUDGMENT, 440.10*

Name and location of the court where the motion or petition was filed: *SUPREME COURT QUEENS COUNTY, 125-01 QUEENS Blvd., KEW GARDENS, N.Y. 11415*

Docket or case number (if you know): *1497/2000*

Date of the court's decision: *JUNE 10, 2008 / MARCH 24, 2009 MOTION TO REARGUE*

4. Leave to appeal to the Court of Appeals was denied on May 9, 2006.  People v. Pinckney, 6

N.Y.3d 897 (2006).

### The Instant Motion to Vacate Judgment

5. On or about May 29, 2007, the defendant filed, *pro se* a motion to vacate judgment pursuant to

Criminal Procedure Law section 440.10 (1)(f)(h).  His enumerated claims are as follows:

<blockquote>

A.    Trial counsel was ineffective owing to a failure to conduct a pre-trial investigation, failed to interview and present alibi witnesses, failed to explore a valid line of defense, and failed to mount a challenge to the claim of probable cause for his arrest

B.    Defendant's right to counsel was violated when he was arrested and interrogated, and when a photo array containing his photograph was shown to witnesses outside of his attorney's presence at a time when his attorney was representing him

C.    Newly discovered evidence established that police testimony was fabricated as to where the police obtained his photograph that was in the photo array, and that the District Attorney's Office should have been aware of the fabrication.

D.    Trial counsel was also ineffective for failing to request DNA testing of a cap found at the crime scene, because such testing would have revealed exculpatory evidence.

</blockquote>

6. On June 10, 2008 the motion court (McGann, J.) denied the motion to vacate judgment.[2]

7. That decision was sent to present counsel via United States mail on July 25, 2008.

8. On July 2, 2008, the defendant, through present counsel, filed a motion to reargue the decision

denying the motion to vacate judgment.

9. On August 28, 2008, the District Attorney filed its response, and on or about September 9,

2008, the defendant's reply was filed with the Court.

10. On March 24, 2009, the motion court (McGann, J.) denied the application for reargument

and mailed a copy of that decision to present counsel on March 27, 2009.  Notice of Entry was

---

[2]Present counsel was retained by the defendant's mother after the *pro se* filing of the motion to vacate judgment and the District Attorney's response.

Result (attach a copy of the court's opinion or order, if available): *MOTION DENIED* _____ *(SEE ATTACHED)* _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *APPELLATE DIVISION SECOND DEPARTMENT, 45 MONROE Pl., BROOKLYN, N.Y. 11201*

Docket or case number (if you know): *1497/2000*

Date of the court's decision: *JUNE 9, 2009*

Result (attach a copy of the court's opinion or order, if available): *LEAVE TO APPEAL DENIED (SEE ATTACHED)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** _____ *(SEE ATTACHED)*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

*(SEE ATTACHED)*

_____

_____

_____

Short Form Order

SUPREME COURT - STATE OF NEW YORK
CRIMINAL TERM PART K-22 QUEENS COUNTY
125-01 Queens Boulevard Kew Gardens New York

P R E S E N T :

HON. ROBERT C. McGANN,
Justice Supreme Court

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | : | Ind. No. 1497-00 |
|  | : | Motion: Vacate Conviction |
| -against- | : |  |
|  | : | Submitted: Nov 26, 2007 |
| COMFORT PINCKNEY, | : | Argued |
| Defendant. | : | Hearing |

The following papers numbered
1 to 4 submitted in this motion

Robert Moore, Esq.
For the Defendant

Comfort Pinckney
Self represented on the motion

A.D.A. Ushir Pandit
Opposed

Papers Numbered
1-2

Notice of Motion and Affidavits Annexed
Answering and Reply Affidavits
Exhibits
Grand Jury Minutes
Affirmation in Opposition                                                3

Upon the foregoing papers and in the opinion of the Court herein, the defendant, Comfort Pinckney's motion to vacate the judgment of conviction of this Court is denied as indicated in the accompanying memorandum of this date.

DENIED:
Date:   June 10, 2008

Robert C. McGann, J.S.C.

1

**MEMORANDUM**

SUPREME COURT, QUEENS COUNTY
CRIMINAL TERM, PART K-22

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | : By: Robert C. McGann, J.S.C. |
| -against- | : Dated: June 10, 2008 |
| | : Ind. No. 1497-00 |
| COMFORT PINCKNEY,<br>Defendant. | : |

The defendant, Comfort Pinckney, moves before this Court for an order vacating the judgment of conviction of this Court dated, July 29, 2003, on the grounds of ineffective assistance of counsel.

The defendant was indicted for Murder in the Second Degree, as well as other charges, arising out of an incident outside a bar. The defendant had a dispute with Carmain Desir and Michael Hammond. The defendant went to his car, took out a 9 mm pistol, and shot Michael Hammond in the face. The defendant fled in a car owned by his brother in law, and identified by a bouncer as the one he saw after the shooting. The defendant was identified in a lineup and at trial by the eyewitness Desir.

Following a jury trial, conducted by Justice Rosenzweig, the defendant was found guilty of Intentional murder as well as Criminal Possession of a Weapon in the Second and Third Degree.

A 330.30 motion to set aside the verdict was filed, alleging ineffective assistance of

2

counsel, and was denied by the Court, in March, 2003. A second motion was filed on June 16, 2003, alleging ineffective assistance, in that defense counsel failed to present alibi witnesses, was similarly denied by the Court on July 1, 2003.

On July 29, 2003, the defendant was sentenced to 25 years to life.

The defendant appealed to the Appellate Division, alleging an improper summation by the People at trial. A pro se supplemental brief was filed by the defendant. On March 14, 2006, the Appellate Division affirmed the conviction, *People v. Pinckney*, 27 A.D. 3d 581.

Leave to appeal to the Court of Appeals was denied on May 9, 2006. *People v. Pinckney*, 6 N.Y.3d 897.

The defendant now moves to vacate his judgment of conviction alleging a number of grounds.

First, the Court concludes that the defendant is procedurally barred from consideration. A motion to vacate must be denied if, at the time of the motion, sufficient facts appeared on the record that would have allowed the appellate court to review the claim raised in the motion, but were not reviewed because the defendant unjustifiable failed to raise it. C.P.L. 440.10(2)c. All of the present claims by the defendant appeared on the record and could have been raised on direct appeal.

Substantively, the defendant's claims are similarly without merit.

Right to Counsel Claim. The defendant initially claims his right to counsel was violated because a photographic array was displayed to a witness, while he was allegedly represented by counsel on an unrelated matter. This claim is entirely without merit. There is no right to counsel associated with an investigatory identification procedure held prior to the defendant's arrest.

3

*Kirby v. Illinois*, 406 U.S. 683.

Ineffective assistance claim. The defendant claims that he was denied effective assistance of counsel because trial counsel failed to conduct a sufficient investigation, failed to interview alibi witnesses, failed to explore a valid defense, failed to challenge the existence of probable cause and failed to have purportedly exculpatory evidence tested for DNA. All of these claims are without merit. An affidavit filed by trial counsel shows that trial counsel closely worked with the defendant and his mother to formulate a trial strategy. Counsel inspected the crime scene with an investigator, and extensively conducted cross examination of witnesses. Trial counsel states that neither the defendant nor his mother ever told him about potential alibi witnesses and that after consultation with the defendant and his mother they all decided to pursue a defense of mistaken identification. Trial counsel also states that the defendant never told him that he was in Brooklyn on the night of the murder or that he could produce witnesses to that effect.

For these reasons, the motion to vacate the conviction is without merit and is denied.

Lastly, the defendant moves to test certain evidence for DNA pursuant to 440.30. This application is without merit. C.P.L. 440.30 requires the defendant to show that such testing would result in "a reasonable probability that the verdict would have been more favorable to the defendant."

4

The item which the defendant wishes to be tested is a cap which was found at the scene. There is not testimony at the trial which links the cap either to the shooter or to anyone else at the scene. Therefore, whether the defendant's DNA was on the cap or not, would not give rise to a reasonable probability that the result of the defendant's trial would have been different. Therefor, the application to test this evidence is denied.

The application is denied in all other respects.

Order entered accordingly.

The clerk of the court is directed to mail a copy of this decision and order to the attorney for the defendant.

Robert C. McGann, J.S.C.

5

Short Form Order

SUPREME COURT - STATE OF NEW YORK
CRIMINAL TERM PART K-22 QUEENS COUNTY
125-01 Queens Boulevard Kew Gardens New York

P R E S E N T :

HON. ROBERT C. McGANN,
Justice Supreme Court

_____

THE PEOPLE OF THE STATE OF NEW YORK

  -against-

COMFORT PINCKNEY,
                    Defendant.

_____

Ind. No. 1497-00

Motion: Reargue

Submitted: March 24, 2009
Argued
Hearing

The following papers numbered
1 to 3 submitted in this motion

Robert Moore, Esq.
For the Defendant

A.D.A. Ushir Pandit
Opposed

Papers Numbered
1-2

Notice of Motion and Affidavits Annexed
Answering and Reply Affidavits
Exhibits
Grand Jury Minutes
Affirmation in Opposition                                          3

       Upon the foregoing papers and in the opinion of the Court herein, the defendant, Comfort
Pinckney's motion to reconsider the decision of this court dated June 10, 2008 is denied as
indicated in the accompanying memorandum of this date.

DENIED:
       Date:   March 24, 2009

                                        Robert C. McGann, J.S.C.

1

## MEMORANDUM

SUPREME COURT, QUEENS COUNTY
CRIMINAL TERM, PART K-22

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | : By: Robert C. McGann, J.S.C. |
| -against- | : Dated: March 24, 2009 |
| | : Ind. No. 1497-00 |
| COMFORT PINCKNEY, | : |
| Defendant. | : |

The defendant, Comfort Pinckney, moves before this Court for an order to reconsider the decision of this Court dated, June 10, 2008, which denied his motion to vacate the judgment of conviction of this Court.

The defendant was indicted for Murder in the Second Degree, as well as other charges, arising out of an incident outside a bar. The defendant had a dispute with Carmain Desir and Michael Hammond. The defendant went to his car, took out a 9 mm pistol, and shot Michael Hammond in the face. The defendant fled in a car owned by his brother in law, and identified by a bouncer as the one he saw after the shooting. The defendant was identified in a lineup and at trial by the eyewitness Desir.

Following a jury trial, conducted by Justice Rosenzweig, the defendant was found guilty of Intentional murder as well as Criminal Possession of a Weapon in the Second and Third Degree.

A 330.30 motion to set aside the verdict was filed, alleging ineffective assistance of counsel, and was denied by the Court, in March, 2003. A second motion was filed on June 16,

2

2003, alleging ineffective assistance, in that defense counsel failed to present alibi witnesses, was similarly denied by the Court on July 1, 2003.

On July 29, 2003, the defendant was sentenced to 25 years to life.

The defendant appealed to the Appellate Division, alleging an improper summation by the People at trial. A pro se supplemental brief was filed by the defendant. On March 14, 2006, the Appellate Division affirmed the conviction, *People v. Pinckney*, 27 A.D. 3d 581.

Leave to appeal to the Court of Appeals was denied on May 9, 2006. *People v. Pinckney*, 6 N.Y. 3d 897.

The defendant now moves for an order reconsidering the decision of this Court dated June 10, 2008, which denied his motion to vacate the judgment of conviction.

The defendant claims that the Court did not consider all of the submissions made to the Court. Specifically, the defendant claims that he was afforded ineffective assistance of counsel.

In its original decision, the Court considered all of the material submitted by the defendant and concluded that the defendant was not denied effective assistance of counsel. The Court did not overlook any of the material submitted to it.

Therefore, the motion to reconsider is denied.

The application is denied in all other respects.

Order entered accordingly.

The clerk of the court is directed to mail a copy of this decision and order to the attorney for the defendant.

Robert C. McGann, J.S.C.

3

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M87430
F/

L. PRISCILLA HALL, J.

—————————————————

2009-03640, 2009-03642

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Comfort Pinckney, defendant.

(Ind. No. 1497/00)

—————————————————

Application by the defendant, pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this court from two orders of the Supreme Court, Queens County, dated June 10, 2008, and March 24, 2009, respectively, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

—————————————————
L. PRISCILLA HALL
Associate Justice

June 9 , 2009

PEOPLE v PINCKNEY, COMFORT

## Ground Two

Petitioner was denied Due Process when the lower court found trial counsel's affidavit to hold greater probative value than the certified trial transcript.

## Supporting Facts

The lower court denied, that portion, of petitioners motion to vacate judgment alleging trial counsel denied him compulsory process to call witness on his behalf.

Based on trial counsel's off-the-record affidavit, claiming he was never informed about the existence of alibi witness. Disregarding the certified trial record evidence in which trial counsel is found placing, Brenda Carroll, Dontay McAllister, and Brian Follins, the alibi witnesses he claims never to have been informed of, on the defense witness list.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: *SUBSIDIARY ISSUE OF STATE COURT'S FAILURE TO GRANT EVIDENTIARY HEARING, MOTION TO VACATE JUDGMENT*

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: *MOTION TO REARGUE*

    Name and location of the court where the motion or petition was filed: *SUPREME COURT QUEENS COUNTY 125-01 QUEENS Blvd, KEW GARDENS, N.Y. 11415*

    Docket or case number (if you know): *1497/2000*

    Date of the court's decision: *MARCH 24, 2009*

    Result (attach a copy of the court's opinion or order, if available): *DENIED (SEE ATTACHED)*

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐ No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑ No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: *APPELLATE DIVISION SECOND DEPARTMENT, 45 MONROE PL., Brooklyn, N.Y. 11201*

    Docket or case number (if you know): *1497/2000*

    Date of the court's decision: *JUNE 9, 2009*

    Result (attach a copy of the court's opinion or order, if available): *LEAVE TO APPEAL DENIED*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** _____ (SEE ATTACHED)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

(SEE ATTACHED)

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

## GROUND THREE

Petitioner's right to due process and a fair trial was violated
when he was identified based on an unduly suggestive line up
in a manner that was so unnecessarily suggestive and conducive
to irreparable mistaken identity.

## SUPPORTING FACTS

Petitioner was placed in a line up with fillers visibly older
smaller and with full facial hair, where petitioner was a two
hundred and twenty pound male in his early twenties. The des-
cription of the perpetrator was a young male in his early
twenties, two hundred pounds, and petitioner was the only one
in the line up who fit that description. Further, the police
told the witness the shooter would be in the line up.
Therefore, petitioner stood out in the unnecessarily sugges-
tive line up.

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** *PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

( *SEE ATTACHED* )

## POINT FOUR

### SUPPORTING FACTS

Counsel failed to raise on direct appeal ineffective assi-
tance of trial counsel based on trail counsel's failure to
(1) object to the trial courts ruling permitting prosecution
witness Prague Alexander to make a surprise in-court identi-
fication of appellant based on a purported C.P.L 710.30 con-
firmatory identification notice, which confirmatory identif-
ication Alexander denied making on cross examination, and
(2) to challenge the legal sufficiency of the evidence of
appellant's indictment in light of Desir's trial testimony
that he lied to the grand jury when he testified to actually
seeing appellant shoot Hammonds when, in fact, he only heard
shots after fleeing the area.

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _Appellate Counsel Failed To Raise This issue_

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Writ of Error Coram Nobis_

    Name and location of the court where the motion or petition was filed: _Appellate Division Second Department, 45 Monroe Pl., Brooklyn, N.Y. 11201_

    Docket or case number (if you know): _1497/2000_

    Date of the court's decision: _November 24, 2009_

    Result (attach a copy of the court's opinion or order, if available): _Denied (See Attached)_

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _Court of Appeals, Court of Appeals Hall, Eagle St., Albany, N.Y. 12207_

    Docket or case number (if you know): _1497/2000_

    Date of the court's decision: _March 4, 2010_

    Result (attach a copy of the court's opinion or order, if available): _Denied (See Attached)_

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D25146
G/kmg

_____AD3d_____

A. GAIL PRUDENTI, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
STEVEN W. FISHER, JJ.

2003-07324                                    DECISION & ORDER

The People, etc., respondent,
v Comfort Pinckney, appellant.

(Ind. No. 1497/00)

Comfort Pinckney, Stormville, N.Y., appellant pro se.

Richard A. Brown, District Attorney, Kew Gardens, N.Y. (Ushir Pandit of counsel), for respondent.

Lynn W. L. Fahey, New York, N.Y. (Lisa Napoli of counsel), former appellate counsel.

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 14, 2006 (*People v Pinckney*, 27 AD3d 581), affirming a judgment of the Supreme Court, Queens County, rendered July 29, 2003.

ORDERED that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745; *People v Stultz*, 2 NY3d 277).

PRUDENTI, P.J., MASTRO, RIVERA and FISHER, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

November 24, 2009

PEOPLE v PINCKNEY, COMFORT

# State of New York
# Court of Appeals

BEFORE: HON. ROBERT S. SMITH,
_____
                          Associate Judge

THE PEOPLE OF THE STATE OF NEW YORK,

                                    Respondent,

        -against-                                    **CERTIFICATE
                                                      DENYING
                                                      LEAVE**
COMFORT PINCKNEY,

                                    Appellant.
_____


        I, ROBERT S. SMITH, Associate Judge of the Court of Appeals of the State of New York, do hereby certify that upon application timely made by the above-named appellant for a certificate pursuant to CPL 460.20 and upon the record and proceedings herein,* there is no question of law presented which ought to be reviewed by the Court of Appeals and permission is hereby denied.


Dated: March 4, 2010
        New York, NY



                                    _____
                                            Associate Judge


        ***Description of Order***: Order of the Supreme Court, Appellate Division, Second Department, entered November 24, 2009, denying defendant's application for a writ of error coram nobis.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑  No ☐

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐  No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?       Yes ☐   No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____ *N/A* _____

    (b) At arraignment and plea: _____ STEPHEN SOMERSTEIN _____

    (c) At trial: _____ SCOTT BREITSCHNEIDER, 87-165 REX CORP PLZ, UNIONDALE, N.Y. 11556 _____

    (d) At sentencing: JOSEPH DeFELICE, 123·60 83RD AVENUE, SUITE 1V, KEW GARDENS, N.Y. 11415 _____

    (e) On appeal: LYNN W.L. FAHEY, APPELLATE ADVOCATES, 2 RECTOR STREET, NEW YORK, N.Y. 10006-10TH FLOOR _____

    (f) In any post-conviction proceeding: ROBERT L. MOORE, 128 AVON PLACE, WEST HEMPSTEAD, N.Y. 11552 _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: ROBERT L. MOORE 128 AVON PLACE, WEST HEMPSTEAD, N.Y. 11552 _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ☐   No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

(SEE ATTACHED)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## TIMELINESS OF PETITION

By judgment rendered by the Supreme Court Queens County, on February 10, 2003, petitioner was convicted of murder in the second degree and related weapons counts. The Appellate Division Second Department, unanimously affirmed petitioners judgment of conviction by order dated March 14, 2006. (See People bv. Pinckney, 27 A.D. 3d 581).

On May 9, 2006, the Court of Appeals denied petitioner request for leave to appeal (See People v. Pinckney 6 N.Y. 3d 897). Peitioner did not file for a writ of certiorari in the United States Supreme Court. (See 28 U.S.C. §2101 (d); Sup. Ct. R. 131).

The one year limitation period for filing a writ of Habeas Corpus, in this case, began on August 9, 2006.

On May 29, 2007, petitioner filed a motion to vacate judgment, said motion was denied by the Supreme Court Queens County on June 10, 2008, and motion to re-argue on March 24, 2009. By order dated June 9, 2009, the Appellate Division Second Department denied petitioner request to appeal the denial of his motion to vacate judgment.

Petitioner then, on June 16, 2009, filed with the Appellate Division SEcond Department a writ of error coram nobis which the Appellate Division denied by order dated NOvember 24, 2009. Petitioner received said order of denial on December 7, 2009, and leave to appeal was sought on December 30, 2009. The Court

of Appeals denied petitioners application seeking leave to appeal

on _MARCH 4_ , 2010. (See 28 U.S.C. § 2244 (d)(2)).

Therefore, petitioner is within the one year limitation period for filing the instant application for a writ of Habeas Corpus.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _CONVICTION REVERSED, INDICTMENT DISMISSED WITH PREJUDICE OR IN THE ALTERNATIVE A NEW TRIAL ORDERED_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _MARCH 15TH 2010_ (month, date, year).

Executed (signed) on _MARCH 15TH, 2010_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____